IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS STONE,                                :

        Plaintiff,                    :    Case No. 3:12cv197

vs.                                          :    JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY,             :

        Defendant.                    :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #15) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, VACATING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, MAKING NO FINDING AS TO WHETHER PLAINTIFF WAS DISABLED WITHIN THE MEANING OF SAID ACT, AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On February 22, 2013, the United States Magistrate Judge filed a Report and Recommendations (Doc. #14), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed. Based upon reasoning and citations of authority set forth in the Plaintiff's Objections to said judicial filing (Doc. #15), as well as upon a thorough de novo review of this Court's file, including the

Administrative Transcript (Doc. #6), a comparison of said Administrative Transcript with the decision of the Defendant Commissioner, Tr. 6-26, as well as upon a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, concludes that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. The Plaintiff's Objections to said judicial filing (Doc. #15) are sustained. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated, no finding is made as to whether the Plaintiff is disabled within the meaning of the Act, and the captioned cause is remanded to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405 (g), for further administrative proceedings as set forth below.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported

by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

     In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record

substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court concludes that the Administrative Law Judge's failure to give either controlling or deferential weight to the Plaintiff's treating physicians is not supported by substantial evidence, given that, in several instances, said Hearing Officer opined that their opinions of disability are not supported by medically acceptable clinical and laboratory diagnostic techniques and are inconsistent with the other substantial evidence in the case record. To the contrary, on numerous occasions, the Administrative Law Judge overlooked, and therefore did not comment upon, lab tests, objective findings and other information that, in fact, supported those opinions.

2. While giving passing reference to Social Security Rule 02.01p, and acknowledging that "the claimant's obesity constitutes an impairment that results in functional limitations as provided" in that Ruling, and that "[t]he claimant's obesity acts to aggravate symptoms of his other documented impairments," to wit: the severe impairments of obesity; chronic low back, right hip, and bilateral knee pain; history of sleep apnea, history of asthma; and history of mood disorder, Tr. at 13, said Hearing Officer never again mentioned said Rule nor performed the

required "individualized assessment of the impact of obesity on an individual's functioning. . ." keeping in mind that "the Rule also explains that a claimant's obesity must also be considered not only at Step 2 of the sequential evaluation process [in determining the existence of severe impairments], but also at subsequent steps." While the Court agrees with the Magistrate Judge's conclusion that "[i]t is a mischaracterization to suggest that SSR 02.01p offers any particular procedural mode of analysis for obesity claimants," some analysis of the aggravating tendencies on function caused by obesity, in conjunction with and upon all other severe impairments found by the Hearing Officer, must be performed.

3. Given that much of the Hearing Officer's conclusions on Plaintiff's credibility were based upon errors above cited, this Court, while vacating the Commissioner's decision of non-disability, vacates his decision on Plaintiff's credibility and makes no final decision thereon.

WHEREFORE, based upon the aforesaid, this Court rejects the Report and Recommendations of the United States Magistrate Judge (Doc. #14) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #15) are sustained. Judgment will be ordered entered in favor of the Plaintiff and against the Defendant Commissioner, vacating the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, making no decision as to whether the Plaintiff was so disabled, and remanding the captioned cause to the Defendant Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as follows, to wit: on remand, the Defendant

Commissioner is to more thoroughly evaluate the state of the Administrative Record in order to determine whether the opinions of Plaintiff's treating physicians or other medical sources deserve either controlling or deferential weight, focusing specifically on whether those opinions are supported by medically acceptable clinical and laboratory diagnostic techniques and are consistent with other substantial evidence in the case record; for any non-treating medical sources, the Administrative Law Judge must analyze same pursuant to Social Security Rule 96-2b, as well as giving good reasons in the notice of decision, based upon the evidence of record, for the weight to be given the opinions of claimant's treating sources (or other medical sources). Blakley v. Commissioner of Social Security, 581 F.3d 399, 406 (6th Cir. 2009); further, on remand, the Defendant Commissioner is to evaluate the aggravating impact, if any, of Plaintiff's severe impairment of obesity, not only as to the functional limitation caused therefrom, but on the functional limitations caused by other severe impairments found by the Hearing Officer, both singly and in combination with each other; finally, on remand, the Defendant Commissioner must determine the Plaintiff's credibility or lack of same, anew, based upon the Commissioner's other tasks on remand.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 26, 2013

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record